Charles Frye, Esq. (SBN 332602),  Pro Se
LAW OFFICES OF CHARLES FRYE
37 Main Street #214
PO Box 1405
San Andreas, CA 95249
Telephone:  (209) 754-9788
Email: charlesfryelaw@gmail.com

Attorney in Pro Per

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FRYE, an individual,<br><br>             Plaintiff,<br><br>v.<br><br>PATRICK WITHROW, in his capacity as Sheriff of the County of San Joaquin; SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT, a public entity, and COUNTY OF SAN JOAQUIN, CALIFORNIA<br><br>             Defendants. | Case No. _____<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**<br><br>**[42 U.S.C. § 1983]** |

COMES NOW, the plaintiff, CHARLES FRYE, who hereby complains and alleges as follows:

## INTRODUCTION

1.     This is an action brought pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law charging Defendants policies, customs, and practices that prevent Plaintiff, who is otherwise qualified, from obtaining, and retaining a concealed carry license, thus preventing plaintiff from exercising his right to keep and bear arms for self-defense outside his home, in violation of the Second Amendment to the United States

Constitution.

2. Plaintiff herein seeks equitable, declaratory, and injunctive relief challenging the defendants' policies, customs, and practices that violate his constitutional rights and the law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs, and usages of the defendants as they execute, administer, and enforce the complained-of policies, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

4. This Court has personal jurisdiction over each of the defendants because they acted under the color of laws, policies, customs, and/or practices of the County of San Joaquin and/or within the geographic confines of the County of San Joaquin.

5. Venue is proper pursuant to 28 U.S.C. § 1391 because the defendants execute, administer, and enforce the complained-of policies against plaintiffs in this District and because the events and omissions giving rise to this action are harming plaintiffs in this District.

## THE PLAINTIFF

6. Plaintiff Charles Frye is an individual and citizen of the United States, living in the County of San Joaquin, California. Plaintiff is a law abiding citizen and has been and continues to be a resident of the county of San Joaquin since 2012. Charles Frye is an

attorney and operates his business, Law Offices of Charles Frye, with an office in Stockton, California, within San Joaquin County and an additional office in San Andreas, California. Plaintiff has a business license from the City of Stockton, in San Joaquin County and from the County of Calaveras.  As an attorney, Charles Frye is a member of the State Bar of California (SBN 332602), The Bar Association of San Joaquin County, and a member of the bar of the Federal District Court, Eastern District of California, the court of record herein.

7.  Additionally, Charles Frye is a professional published photographer and a member of press agencies, including the International Association of Press Photographers for "Arts and Culture" and Black Zebra Productions, whereby he photographs and videos records events in San Joaquin, Sacramento, and neighboring counties.   Charles Frye is also an independent photographer photographing fashion, design, culture, and local events.  It that capacity, Plaintiff has become well known to Defendant.

8.  Prior to becoming an attorney, Charles Frye was a courtroom clerk for the California Superior Court for sixteen years and a decorated member of the California State Miliary Reserve, obtaining the rank of Staff Sergeant, where he served as a member of the Small Arms Training Team providing deploying U.S. Army soldiers essential and life saving pistol and rifle training at Camp Roberts, California.

9.  Charles Frye is at all times herein well versed in the gun laws of California and a law abiding citizen, who has not been arrested nor charged with a crime, who is active and engaged in his community, without charges pending, and without any other disqualifying factor and who remains otherwise legally eligible to possess and own

firearms.

**THE DEFENDANTS**

10. Defendant Sheriff PATRICK WITHROW ("Sheriff") is sued herein in his capacity as the Sheriff of the County of San Joaquin, and, in his official capacity, is responsible for executing and administering of the County's laws, customs, practices, and policies, including the promulgation and implementation of San Joaquin's CCW Policy. In that capacity, defendant Sheriff is presently enforcing the laws, customs, practices and policies complained of in this action, and at all times has acted under color of his authority as the Sheriff.

11. Defendant SAN JOAQUIN COUNTY SHERIFF'S DEPARTMENT ("SJSD") is a public entity and law enforcement agency, organized and existing under the laws of the State of California, and as a department of the County of San Joaquin.

12. Defendant COUNTY OF SAN JOAQUIN, CALIFORNIA ("County") is a county and political subdivision, organized and existing under the Constitution and laws of the State of California, with capacity to sue and be sued. At all times, defendant County is governed by a Board of Supervisors, which is responsible for supervising all County officers, including defendant Sheriff, and has at all times accepted and ratified the CCW policies and procedures promulgated by defendant Sheriff and enforced and implemented by defendant SJSD.

**REGULATIONS**

13. With few limited exceptions that are not relevant to this action, California has completely banned the carry of concealed firearms (Penal Code §12025) and the

unlicensed public carry of loaded firearms (Penal Code §12031).

14.   Since California law does not allow the open carry of loaded firearms, a CCW permit is the only means by which a person may exercise his right to carry a firearm in public for self defense.

15.   California law allows for an issuance of a license to carry a firearm in public for self defense, and relevant to this action, one may apply to the Sheriff of the County of residence for said CCW permit. (Penal Code §12050, et seq).

16.   To be issued a permit, one must pass a background check and be of good moral character, complete specified handgun training, and be found to have "good cause".

17.   The "Good Cause" aspects of the law were just overturned by the United State Supreme Court in New York State Rifle and Pistol Association, Inc. et Al v. Bruen, Superintendent of New York State Police, et al (2022)(No 20-843), and on June 24, 2022 the California Attorney General ordered that "Good Cause" (PC §26150(a)(2) and 26155(a)(2) was no longer required as violative of the Constitution.

## STATE PREMPTION

18.   California Constitution, Art. XI, § 7 states: "A county … may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." If an otherwise valid law or policy conflicts with state law, it is preempted by such law and is void.

19.   The State of California has, through its statutes, chosen to occupy the entire regulatory and legislative field concerning application forms and policies regarding the application and issuance of CCWs within the State except where discretion was expressly

delegated, i.e., the licensing authority's determinations of "good cause" (Pen. Code § 26150(a)(2)) and "good moral character" (§ 26150(a)(1)), as well as the local training standards for the course of instruction that an applicant must take after a licensing authority approves an applicant's "good cause" (Pen. Code §§ 26165, 26202).

## FACTS COMMON TO ALL CLAIMS

20. In or around April, 2014, Plaintiff, upon his completion of his application, background investigation, and proof of appropriate training, was issued a Concealed Carry Permit ("CCW") by Defendant SJSO by then Sheriff Moore, the sheriff of San Joaquin Court prior to Defendant Sheriff winning office.  The permit was issued for a period of two years.  For the next two years, Plaintiff had no incidents or issues and, at all times relevant, lawfully and safely carried his properly registered and authorized firearm.

21. In or around April, 2016, Plaintiff, upon his timely completion of his re-application, background investigation, and proof of appropriate training, was re-issued the CCW by Defendant SJSO, then Sheriff Moore.  The permit was issued for a period of two years. For another two years, Plaintiff had no incidents or issues and lawfully and safely carried his properly registered and authorized firearm.

22. In or about April, 2018, Plaintiff, upon his timely completion of his re-application, background investigation, and proof of appropriate training, was re-issued the CCW by Defendant SJSO by Sheriff Moore.  The permit was issued for a period of two years. For another two years, Plaintiff had no incidents or issues and, at all times relevant, lawfully and safely carried his properly registered and authorized firearm.

23. At around the same time period, Defendant Sheriff was elected, after his

second campaign, for Sheriff, defeating Sheriff Moore, and did so running on a campaign, in relevant part, that he would be a "shall issue" sheriff, that "self-defense" was "good cause" under California law and stating similarly and verbatim: "I believe that if you have no mental health problems, no criminal background which precludes you from owning a gun, and you have a physical and mental ability to operate a firearm, then everyone should have access to obtain a Concealed Weapon Permit. The Sheriff's Department Website, to this day, openly advertises Sheriff Withrow's campaign promise "Personal Protection or Self Defense" is sufficient to establish "Good Cause".   This has turned out to be a false campaign promise by a politician; not by a promise by sworn peace officer dutifully upholding the constitution he swore to defend.

24.   In or about March of 2020, Plaintiff timely applied for a re-issuance of his concealed carry permit from Defendant Sheriff and submitted to the reapplication and background investigation process and paid the appropriate fees, as he had done three times in the past. Defendant Sheriff's office was in apparent disarray and he unnecessarily and unreasonably delayed Plaintiff in obtaining his permit for several months. During that time period Plaintiff's permit expired and thus, he was unreasonably denied his right to carry a firearm in public. But for Defendants delay, Plaintiff could have exercised his right to carry a firearm in public for self defense.

25.   On September 16, 2020 Defendant Sheriff requested proof of completion of the required 4 hour training "refresher course".   Plaintiff uploaded proof that same day. Plaintiff finally received his CCW permit reissuance from Defendant Sheriff on October 15, 2020.

26. On October 26, 2020, about two weeks after Defendant Sheriff collected his fees from Plaintiff, Defendant Sheriff advised Plaintiff via email: "CCW Suspended" and ordering Plaintiff to return to the Sheriff the CCW permit "no later than October 30, 2020". Plaintiff dutifully complied, returning the permit to Defendant. Defendant was thus, once again, denied his right to carry a firearm in public. Plaintiff's right to carry a firearm in public for self-defense has been denied by Defendant Sheriff from that day to the filing of this action and is deprived of his right of his right to carry a firearm

27. Defendants refused to disclose the reason for the license suspension, advising Plaintiff in March 2021 that there was an "investigation" with an unknown time to complete.

28. In his capacity as a duly certified member of the press, Plaintiff often covered police accountability protests in the wake of well publicized police brutality by video recording, reporting, and photographing the protests and events. Plaintiff also advocated for citizen journalism and recording police interactions and for police accountability. Plaintiff also advocated against police brutality. Plaintiff utilized his position in the press as a journalist committed to police reform and accountability and to speak about and present these important societal issues. Through these efforts, Plaintiff gained thousands of followers and had millions of views and became well known in his community.

29. During this same time period, Defendant Sheriff's department was often the subject to public discussion and controversy because of use of force complaints and other actions of the sheriff's office. Plaintiff often opposed the Sheriff Department when they unlawfully used force or covered up crimes of their Deputies. Plaintiff, had at times,

made records requests of Defendants and published information in regards to matters of public concern with the police and Sheriff's Department.  Plaintiff also filmed and documented police in the performance of their duties; all consistent with Plaintiff's First Amendment right but all to the disdain of Sheriff Withrow.

30.   During that time, Sheriff's deputies, acting under the authority of Defendant Sheriff or other members of local law enforcement often attempted to interfere or intimidate Plaintiff while Plaintiff exercised his right to record police in the performance of their duties (Fordyce v. City of Seattle, 55 F.3d 436), (Penal Code 148 (g))  and otherwise acted and attempted to chill Plaintiff's First Amendment rights.

31.   By December 2021, Defendant Sheriff still had not issued a ruling nor even advised Plaintiff of the nature of the investigation nor discussed charges nor suspicions with Plaintiff.  During this time period, Plaintiff was unlawfully and without due process denied his right to carry a firearm in public.   On December 3, 2021 Plaintiff emailed Defendant Sheriff directly asking for a decision.  Staff of Defendant Sheriff contacted plaintiff and arranged for what was termed an "appeal" phone call with the Sherriff.  Defendant complained to staff that he did not even know the allegations he was facing or what he was to be appealing as he had not received any decision.

32.   On December 10, 2021, Plaintiff emailed an objection to Defendant Sheriff, objecting to the appeal based on Due Process since Plaintiff had no notice of the accusations against him nor had been provided any facts concerning the basis for the revocation nor what it was exactly he was "appealing". This objection was ignored by Defendant Sheriff and the Star Chamber type "appeal" proceeded and was presided over

by Defendant Sheriff personally.

33.     On December 13, 2021, prior to the hearing, Plaintiff sent Defendant Sheriff a list of his military awards and training completion certificates as an exhibit for the upcoming "appeal".   There were in excess of thirty awards and training certificates, including an Army Achievement Medal and two California Commendation Medals, US Army Institute Military Police Training, and US Army Physical Security training from the United States government and from the State of California.   This is in addition to the fact that Defendant Sheriff was well aware Plaintiff was a Courtroom Clerk for the Superior Court of California for 16 years, dutifully serving the citizens of California, since that fact was always disclosed as part of Plaintiff's standard background investigation.

34.     Soon thereafter, on December 13, Defendant Sheriff spoke with Plaintiff on the Phone as this " appeal" proceeded.  Defendant Sheriff plainly refused to divulge the basis of Sheriff's suspension or the allegations Plaintiff faced.   During the appeal, Plaintiff charged Defendant Sheriff with depriving him of his right to due process and his right to carry a firearm based as a result of and in retribution for Plaintiff's journalism in regards to police reform, thus violating his First Amendment and Second Amendment rights and his right to due process all in one proceeding.

35.     During the hearing, Plaintiff assured Defendant Sheriff that he had no ill will towards police personally, was law abiding, had no disqualifying factors, and should be "allowed" his right to carry a firearm for self defense.  Plaintiff pointed out his campaign promises.  Plaintiff offered to be subject to certain reasonable restrictions to carrying while working as a member of the press, if that was a concern.    Plaintiff also assured

Sheriff he had never actually carried a firearm while working as a member of the press, so that was never an issue. Defendant Sheriff steadfastly refused to divulge why he was taking action against Plaintiff's rights or address any issues put forth by Plaintiff as possible resolution to whatever concerns Sheriff could have.

36. On February 2, 2021, Plaintiff was notified the CCW was "revoked" based upon "The Sheriff's finding upon completion of the appeal on 12-13-21."

37. Since that date, Plaintiff has been denied his right to carry a firearm for self defense is thus deprived of his right to carry his legally owned and registered weapon for self defense while remaining a law abiding business owner in San Joaquin County who is otherwise eligible to possess and own firearms who has complied in everyway with Sheriff's requirements.

38. On June 23, 2022, upon decision by the U.S. Supreme Court in *Bruen*, Plaintiff emailed Defendant Sheriff requesting Defendant Sheriff reconsider his ruling and advising Defendant Sheriff Plaintiff intended to file suit if he did not re-issue his permit. Defendant Sheriff ignored Plaintiff's request, operating as a further and current denial of Plaintiff's right to carry a firearm in public.

39. At no time was Plaintiff ever arrested or charged with interfering with police nor any other crime, engaged in no violence and at all times remained a law abiding citizen and journalist who was active and cared about his community.

40. Plaintiff therefore alleges that it is police accountability activities, activities as an involved citizen, and as citizen journalist by Plaintiff, with such activities not always favorable towards Defendant Sheriff, that has irked the wrath the Defendant Sheriff. For

political reasons and in an effort to chill Plaintiff's free speech, Sheriff has arbitrary and capricious manner, without due process nor appropriate legal cause, and in a clear abuse of discretion, denied Plaintiff's right to legally carry a firearm for self defense.

41. Defendant Sheriff's conduct results in a chilling Plaintiff's free speech because Defendant is taking action against Defendant's Second Amendment Rights in retribution for Plaintiff's First Amendment activities and doing so simply because Sheriff does not agree with Plaintiff's speech.

# FIRST CLAIM OF RELIEF

# VIOLATION OF RIGHT OF FREE SPEECH

# U.S. CONSTITUTION FIRST AMENDMENT &

# FOURTEENTH AMENDMENT

# 42 U.S.C. §1983

Against All Defendants

42. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

43. Defendants denied Plaintiff's right to carry a firearm as a result of and in retribution for Plaintiff's lawful and protected activities as a citizen speaking out on issues of public concern within our local community.

44. Defendant's conduct, if allowed to stand, whereby a Sheriff may deny a permit because the Sheriff does not like your free speech or political stances, results in a chilling of free speech and goes against the very principles that Sheriff Withrow and Petitioner have both sworn an oath to uphold.

45. Wherefore, Plaintiff seeks relief under 42 U.S.C § 1983 in law, equity or other redress to remedy the deprivation of those rights, privileges, or immunities secured by the Constitution and laws guaranteeing the right to free speech and the right to free press.

## SECOND CLAIM OF RELIEF

## VIOLATION OF RIGHT OF FREE PRESS

## U.S. CONSTITUTION FIRST AMENDMENT &

## FOURTEENTH AMENDMENT

## 42 U.S.C. §1983

Against All Defendants

46. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

47. Defendants denied Plaintiff's right to carry a firearm as a result of and in retribution for Plaintiff's activities as duly authorized and credentialed member of the press and as a citizen journalist, covering and reporting issues of public concern.

48. Defendant's egregious conduct, if allowed to stand, whereby a Sheriff may simply deny a permit because the Sheriff does not like your reporting as a member of the press or political activity as a citizen, results in a chilling of free speech and is the exact behavior the Supreme Court warned against in.

49. Wherefore, plaintiffs seek relief under 42 U.S.C § 1983 in law, equity or other redress to remedy the deprivation of those rights, privileges, or immunities secured by the Constitution and laws guaranteeing the right to free speech and the right to free press.

**THIRD CLAIM FOR RELIEF**

**EQUAL PROTECTION**

**U.S. CONSTITUTION FOURTEENTH AMENDMENT**

**42 U.S.C. §1983**

Against All Defendants

50. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

51. Plaintiff is treated differently because Defendant believes Plaintiff to be a political adversary and whom the Defendant disagrees with on matters of public concern.

52. By engaging in practices, customs, and policies that inconsistently and arbitrarily denied Plaintiff's right to carry a firearm while at the same time "granting" that right to others of a similarly situated individuals, Defendants are abusing their discretion and propagating customs, policies, and practices that violate Plaintiff's rights to equal protection under the Fourteenth Amendment.

**FOURTH CLAIM FOR RELIEF**

**VIOLATION OF PENAL CODE 12050**

**42 U.S.C. §1983**

Against All Defendants

53. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

54. Plaintiff met and exceeded the statutory requirements for licensure under Penal Code Section 12050 and in fact had been issued a license three times in the past.

55. It was not until police accountability activities by Plaintiff that Defendant revoked Plaintiff's permit.

56. Penal Code Section 12050 does not provide for the Sheriff the discretion to revoke and /or refuse to issue a permit based on political differences and a difference of opinion on local politics.

57. Since Defendant abused his discretion to make his decision based on the criteria outside of that provided by PC 12050, Plaintiff has been and continues to be subject to irreparable harm and denied, entirely, his right to carry a firearm.

## FIFTH CLAIM FOR RELIEF

## VIOLATION OF RIGHT TO KEEP AND BEAR ARMS

## U.S. CONSTITUTION FIRST AMENDMENT &

## FOURTEENTH AMENDMENT

## 42 U.S.C. §1983

Against All Defendants

58. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

59. Defendants policy and practice of arbitrarily revoking and therefore illegally denying Plaintiff's CCW permit, without proper cause, on it's face and as applied, operate as a complete denial of Plaintiff's right to carry a firearm and violate Plaintiff's individual right to possess a firearm outside the home as secured by the Second Amendment of the United States Constitution.

60. Wherefore, plaintiffs seek relief under 42 U.S.C § 1983 in law, equity or

other redress to remedy the deprivation of those rights, privileges, or immunities secured by the Constitution and laws guaranteeing the right to keep and bear arms.

## SIXTH CLAIM FOR RELIEF

## DECLARATORY RELIEF

## 28 U.S.C. §2201 et seq

Against All Defendants

61. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

62. A current and actual controversy exists as to whether Defendant(s) may arbitrarily, and without due process, revoke and/or refuse to re-issue a firearm carry permit to a citizen who has otherwise met all legal requirements to carry a firearm outside his home for self-defense, and had, in fact, been licensed for years. Whether or not Plaintiff Frye is granted some or all of the remedies requested herein, a declaration from this court, having the force and effect of a final judgment, would clarify and settle the issues in dispute, pursuant to 28 U.S.C. § 2201.

63. Further necessary or proper relief based upon such a declaration and judgment may also be granted, in accordance with the declaration made by this court, pursuant to 28 U.S.C. § 2202.

64. Wherefore, plaintiffs seek a judicial declaration under the Declaratory Judgment Act that Defendant's policies allowing him to suspend and refuse to reissue Plaintiff's CCW, when all other requirements are thus met, are unconstitutional, violate due process, or are preempted by state law. The force and effect of a final judgment,

would clarify and settle the issues in dispute, pursuant to 28 U.S.C. § 2201.

65. Further necessary or proper relief based upon such a declaration and judgment may also be granted, in accordance with the declaration made by this court, pursuant to 28 U.S.C. § 2202.

66. Wherefore, plaintiffs seek a judicial declaration under the Declaratory Judgment Act that the Sheriff may not otherwise suspend and /or refuse to reissue Plaintiff's CCW without proper cause and without due process, are unconstitutional, violate equal protection of the laws, or are preempted by state law.

## SEVENTH CLAIM FOR RELIEF

## INJUNCTIVE RELIEF

Against All Defendants

67. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the proceeding paragraphs as if fully set forth herein.

68. In the absence of a prohibitory injunction, Sheriff's policy and practice of denying CCW permits based on free speech, free press and /or arbitrarily, capriciously, and without due process would continue to be enforced and would prevent Plaintiff from ever being allowed to carry a firearm, even though otherwise qualified.

69. Defendants practices constitute a blatant deprivation of and disregard of substantial constitutional rights. Plaintiff and other members of San Joaquin would continue to suffer irreparable injury if the court does not issue a prohibitory injunction preventing Sheriff from arbitrarily, without cause, and without due process, suspending permits.

70. There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow plaintiff and other residents of San Joaquin County from obtaining the permit to lawfully carry a firearm for self defense outside of the home.

71. Wherefore, plaintiffs seek injunctive relief to enjoin, prevent and restrain defendants from continuing to implement, enforce or otherwise require adherence to such policies that are unconstitutional, violate due process, infringe upon the right to keep and bear arms, infringe of free speech rights, or are otherwise preempted by state law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

1. For declaratory judgment in plaintiffs' favor, and against defendants, that the defendants' CCW Policy and Practice of disallowing CCW's without proper cause, arbitrarily, capriciously, in an abuse of discretion and without due process are null and void because they infringe on the right of the people to keep and bear arms in violation of the Second Amendment to the United States Constitution;

2. For judgment to be issued in plaintiffs' favor, issuing preliminary and permanent injunctions enjoining defendants Sheriff Pat Withrow, San Joaquin County, San Joaquin Sheriff's Department from enforcing their policy of suspending and /or revoking CCW's without proper cause, without justification, and without due process,

3. For an award of plaintiffs' reasonable attorney's fees and costs, pursuant to 42 U.S.C. § 1988; and

4. For other such relief, in law and equity, as the court deems to be proper and just.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct to the best of my knowledge except that which I allege on information and belief, and to that, I believe it to be true.

Dated:                                    Respectively submitted,

By: _____

Charles Frye
Attorney at Law, in Pro Per